**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| Mary Capps, ) | |
|   Plaintiff, ) | |
| ) | |
| v. ) | Case No. 06-1011-WEB |
| ) | |
| Jack Whitson and ) | |
| Dennis Rader, ) | |
| ) | |
|   Defendants. ) | |

MEMORANDUM AND ORDER

Now before the Court are Defendants' motion to dismiss for failure to state a claim upon which relief can be granted and Plaintiff's motion to amend the pleadings. Fed. R. Civ. P. 12(b)(6); Fed. R. Civ. P. 15; (Docs. 7, 16). Plaintiff alleges sex discrimination under to 42 U.S.C. § 2000e-2(a). Plaintiff initially filed this action in state court but it was removed to federal court pursuant to 28 U.S.C. § 1446.

The EEOC mailed a right to sue letter on August 11, 2005. (Def. Ex. A). Plaintiff filed a complaint in state court on October 27, 2005. (Def. Ex. C). On November 29, 2005, Plaintiff filed another complaint in state court. (Def. Ex. D). Defendant removed this case to Federal Court and Plaintiff has moved the Court to amend the pleadings.

I.  Motion to Dismiss Standards

"A motion to dismiss is appropriate when the plaintiff can prove no set of facts in support of the claims that would entitle plaintiff to relief." *Roman v. Cessna Aircraft Co.*, 55 F.3d 542, 543 (10th Cir. 1995). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence

that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Sutton v. Utah State School for the Deaf & Blind,* 173 F.3d 1226, 1236 (10th Cir. 1999) (quoting *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991)). Furthermore, "all well-pleaded factual allegations in the complaint are accepted as true and viewed in the light most favorable to the nonmoving party." *Sutton,* 173 F.3d at 1236.

Generally a Court does not look beyond the face of a complaint when analyzing a Rule 12(b)(6) motion; however, "it is accepted practice, if a plaintiff does not incorporate by reference or attach a document to its complaint, but the document is referred to in the complaint and is central to the plaintiff's claim, a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss." *Macarthur v. San Juan County*, 309 F.3d 1216, 1221 (10th Cir. 2001) (quoting *Dean Witter Reynolds, Inc. v. Howsam,* 261 F.3d 956, 961 (10th Cir. 2001)).

In this case, both plaintiff and defendants have submitted a copy of the EEOC's right to sue letter. The timeliness of Plaintiff's action depends on this letter and Plaintiff's complaint indirectly refers to it as she cites the letter's ninety day limitations period; consequently, the Court will consider the letter without converting this motion into one for summary judgment.

## II.  The October 27th Complaint.

Defendants argue the initial complaint fails to state a claim because it complies with neither the Kansas Rules of Civil Procedure nor the Federal Rules of Civil Procedure. Fed. R. Civ. P. 8; Kan. Stat. Ann. 60-208. The Court will use the Federal Rules of Civil Procedure to determine issues in this motion to dismiss because "[w]hen a case is removed[,] the federal court takes it as though everything done in the state court had in fact been done in the federal court". *Munsey v. Testworth*

*Laboratories*, 227 F.2d 902, 903 (6th Cir. 1955); see *Azzoparkdi v. Ocean Drilling & Exploration Co.*, 742 F.2d 890, 895 (5th Cir. 1984) (when "a state court action is removed, it is governed by federal, rather than state, procedure"); see *Butner v. Neustadter*, 324 F.2d 783 ,785 (9th Cir. 1963); see Fed. R. Civ. P. 81(c).

>Rule 8 states the following requirements:
>
>(a) Claims for Relief.  A pleading which sets forth a claim for relief, whether an original claim, counter-claim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks....

Fed. R. Civ. P. 8(a).

>Plaintiff's October 27, 2005 complaint states the following:
>
>1.  Petitioner is a woman, United States Citizen, and resident of Sedgwick County, Kansas;
>2. Petitioner believes she has claims against Respondents, Jack Whitson and Dennis Rader;
>3.  Petitioner's ninety (90) day statute of limitations ends today and Petitioner has not had adequate time to prepare the complaint and wishes to preserve claims against Respondents;
>4.  Respondent [sic] will either file an amended petition in this action or dismiss if the investigation being conducted reveals no substantive claim;
>WHEREFORE, Petitioner submits the above Petition to preserve any and all claims against Respondents.

(Def. Ex. C).

Even when analyzed under the liberal standards for pleading a claim, Petitioner's complaint falls well short of what is required.  There is neither a short and plain statement of the claim nor a demand for judgment.  Plaintiff provides no well-pleaded facts showing what conduct forms the basis of her claim.  In fact, she specifically states in the fourth paragraph that she may not have any claim at all.

The stated purpose of this document was not to state a claim; rather, it was to prolong the statute of limitations so Plaintiff could continue to investigate and potentially make a claim.

Because this complaint is inadequate, it is subject to dismissal; however, Plaintiff argues that she amended her complaint to remedy the above shortcomings.

### III.  The November 29th Complaint.

On November 29, 2005, Plaintiff filed another more detailed complaint alleging facts showing violations of 42 U.S.C. § 2000e-2(a).  Defendant argues this complaint was filed more than 90 days after Plaintiff received the right to sue letter and it is time barred.

Section 2000e-5(f)(1) gives a person ninety days to file a civil action under Title VII after the Equal Employment Opportunity Commission (EEOC) dismisses the charges brought by a plaintiff.  42 U.S.C. § 2000e-5(f)(1); *Jackson v. Continental Cargo-Denver*, 183 F.3d 1186, 1187 (10th Cir. 1999).  "Compliance with filing requirements of Title VII is not a jurisdictional prerequisite, rather it is a condition precedent to suit that functions like a statute of limitations..." *Million v. Frank*, 47 F.3d 385, 389 (10th Cir. 1995).  The Court presumes a plaintiff receives the right to sue letter three days after the EEOC sends the letter in the mail.  *Baldwin County Welcome Center v. Brown,* 466 U.S. 147, 148 n.1 (1984); Fed. R. Civ. P. 6(e).

The right to sue letter was sent on August 11, 2005; consequently, Plaintiff received the letter on August 15, 2005.  The ninety days expired on November 14, 2005.  Plaintiff's second complaint was therefore filed outside the ninety day period of limitations.

Plaintiff argues this second complaint is an amended complaint and should relate back under Rule 15.[1]  Rule 15 states the following:

---

[1] Although Plaintiff styles the November 29th complaint as a "supplemental petition" and a "supplemental motion", she states in her brief that it is in substance an amended complaint; furthermore, the last page of the November 29th complaint states it is to be an amended

4

> (c) Relation back of Amendments. An amendment of a pleading relates back to the date of the original pleading when
> (1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or
> (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or
> (3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied...

Fed. R. Civ. P. 15(c).

The first criteria does not permit relation back for this complaint. The cause of action is based on federal law with a federal period of limitations of 90 days and Plaintiff identifies no other body of law that would fit within the provisions of Rule 15(c)(1). The November 29th complaint did not change the name of the party; consequently, the third provision is unavailable.

Plaintiff has cited cases allowing relation back under Rule 15(c)(2). Because Plaintiff provides no analysis, the Court will presume that Plaintiff believes she is entitled to relation back under this second prong.

"The purpose of Rule 15(c)(2) is accomplished if the original complaint gives the defendant fair notice that litigation is arising out of a specific factual situation." *Spillman v. Carter*, 918 F. Supp. 336, 340 (D. Kan. 1996) (internal quotations omitted). "A defendant is not deprived of the protection of the statute of limitations if the original complaint fairly discloses the general fact situation out of which the new claims arise." *Id.* (internal quotations omitted).

The November 29th complaint was seven pages long and contained many factual details and a legal basis for relief. In comparison, the October 27th complaint contained no information describing the conduct, occurrences, or transactions. This document was a hollow shell that did not

---

complaint. (Def. Ex. D at 7); (Doc. 17 at 3). As a result, the Court treat this document as an amended complaint and will not analyze the provisions of Rule 15(d) for supplemental pleadings.

5

give defendant fair notice of the litigation.  The Court holds the November 29th complaint does not relate back because the claim did not arise from the information contained in the October 27th complaint.  Accordingly, the Title VII claims asserted in the November 29th complaint are time barred.

### IV.  The March 15, 2006 Motion to Amend the Pleadings.

Lastly, Plaintiff claims the Court should permit her to amend the pleadings to substitute her employer, City of Park City, as the defendant.  The amended complaint attached to the motion contains six instances of conduct that form the basis of Plaintiff's Title VII claim.

"Although Fed. R. Civ. P. 15(a) provides that leave to amend shall be given freely, the district court may deny leave to amend where amendment would be futile.  A proposed amendment is futile if the complaint, as amended, would be subject to dismissal."  *Jefferson County Sch. Dist. v. Moody's Investor's Services,* 175 F.3d 848, 859 (10th Cir. 1999).  The 90 day period of limitations for Plaintiff's Title VII claims has expired; however, Plaintiff argues the amended complaint should relate back to the October 27th complaint.

> Under Rule 15(c)(3), an amendment relates back to the date of the original pleading when the amendment changes the party or the naming of the party against whom a claim is asserted if (1) the claim arose out of the conduct, transaction, or occurrence set forth in the original pleadings; (2) the party to be joined received such notice that it will not be prejudiced in maintaining a defense; (3) the party to be joined knew or should have known that but for a mistake of identity the action would have brought against it; and (4) the second and third requirements must have been fulfilled within the prescribed period of service of process-120 days after the filing of the original complaint under Rul 4(m).  All four conditions of Rule 15(c)(3) must be satisfied.

*Blackwell v. Harris Chemical North America, Inc.*, 11 F. Supp. 2d 1302, 1307 (D. Kan. 1998) (internal citation omitted); Fed. R. Civ. P. 15(c)(2) and (3).

Plaintiff's motion to amend must be denied for the same reason the November 29th

6

complaint did not relate back. As previously discussed, the original complaint on October 27th contained no conduct, transactions, or occurrences; consequently, the claim in the March 15th motion to amend did not arise out of the October 27th complaint. Because Plaintiff cannot meet the standard in Rule 15(c)(2), the amended complaint cannot relate back to the original complaint.

Plaintiff cites *Loveall v. Employer health Services, Inc.*, 196 F.R.D. 399 (D. Kan. 2000) for support. *Loveall* is distinguishable because the claim in the Loveall's amended complaint arose out of the same conduct, transaction, or occurrence as alleged in the original complaint and it was not a disputed issue. *Id.* at 402.

In this case, the amended complaint would be time barred as the 90 day period of limitations has long since passed; consequently, the amended complaint would be subject to dismissal on this ground. See *Bradley v. Val-Mejias,* 379 F.3d 892, 901 (10th Cir. 2004) (motion to amend was properly denied as futile because new claims would be barred by statute of limitations).

The Court denies Plaintiff's motion to amend because it would be futile. (Doc. 16). Because neither of the untimely amended complaints relate back and the October 27th complaint fails to state a claim, Defendants' motion to dismiss is granted. (Doc. 7). The clerk is directed to enter Judgment for Defendants.

SO ORDERED this 6th  day of November 2006.

   s/ Wesley E. Brown

Wesley E. Brown, U.S. Senior District Judge